```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

JOSE CANTU,

    Petitioner,

v.                                   Case No: 2:13-cv-400-FtM-29MRM

STATE OF FLORIDA, SECRETARY, DOC, and FLORIDA ATTORNEY GENERAL,

    Respondents.[1]

## ORDER OF DISMISSAL

Petitioner Jose Cantu ("Petitioner") initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. #1) on May 24, 2013.[2] Petitioner is proceeding *pro se*, and is presently

---

[1] The proper Respondent in this action is the Secretary of the Florida Department of Corrections. Thus, the Florida Attorney General will be dismissed from this action. Rumsfield v. Padilla, 542 U.S. 426, 435-36 (2004); Sanders v. Bennet, 148 F.2d 19 (D.C. Cir. 1945).

[2] The Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id. If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

confined at the Okeechobee Correctional Institution in Okeechobee, Florida.

The Court ordered Respondent to show cause why the relief sought in the petition should not be granted. (Doc. #7.) On October 3, 2013, Respondent filed a limited response incorporating a motion to dismiss the habeas petition as time-barred. (Doc. #11.) Respondent submits exhibits (Exs. 1-17) in support of the Response. (See Appendix of Exhibits.) Petitioner filed a reply on December 20, 2013. (Doc. #19.) This matter is ripe for review.

After carefully examining the petition, Respondent's motion to dismiss, the state court record, and the applicable law, the Court concludes that the petition is time-barred under the provisions of 28 U.S.C. § 2244(d).

## I.   Background and Procedural History

Petitioner entered a no contest plea to one count of trafficking in cocaine. (Ex. 1; Ex. 2.) Petitioner was sentenced to fifteen (15) years' incarceration on September 19, 2007. (Ex. 3.) Petitioner filed a motion to withdraw plea which was denied without prejudice. (Ex. 3, p. 11.) Petitioner was given forty-five days to provide a transcript of the plea colloquy in order to have the motion revisited. (Ex. 3, p. 25.) The Judgment and sentence were rendered on October 10, 2007. (Ex. 5.) On November 15, 2007, Petitioner's motion to withdraw plea was dismissed on the grounds that the defense had failed to timely file the

requested transcripts and that there was no basis for the motion to withdraw plea.  (Ex. 6.)  Petitioner did not appeal his conviction or sentence.

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on May 8, 2008.  (Ex. 7.)  The motion was denied by the circuit court on May 12, 2009.  (Ex. 8.)  Petitioner appealed.  (Ex. 9.)  On May 7, 2010, the Second District Court of Appeal reversed and remanded for further proceedings.  (Ex. 10.)  On June 20, 2011, Petitioner withdrew his post-conviction motion.  (Ex. 11.)  On July 11, 2011, Petitioner sent a letter seeking reinstatement of his post-conviction motion which was not addressed by the circuit court.  (Ex. 12.)

Petitioner filed a petition for belated appeal on January 17, 2012, in the Second District Court of Appeal.  (Ex. 13.)  On February 10, 2012, the Second District Court of Appeal transferred the petition to the circuit court to be treated as a motion to reinstate the post-conviction motion.  (Ex. 14.)  The motion to reinstate was denied by the circuit court on March 20, 2012.  (Ex. 15.)  Petitioner appealed and the denial was affirmed by the appellate court on January 11, 2013.  (Ex. 16; Ex. 17.)  Petitioner filed a motion for rehearing and for written opinion which was denied on February 8, 2013.  (Doc. #3-1, pp. 108-111.)

Petitioner filed the instant habeas Petition on May 24, 2013.  (Doc. #1.)

**II. <u>Analysis</u>**

   **A. A 28 U.S.C. § 2254 federal habeas corpus petition is subject to a one-year statute of limitation**

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. This limitation period runs from the latest of:

>  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Petitioner does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in §§ 2244(d)(1)(B)-(D) apply. Therefore, the statute of limitations is measured from the remaining statutory

trigger, which is the date on which Petitioner's conviction became final.  28 U.S.C. §§ 2244(d)(1)(A).

> **B. Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1)(A)**

Petitioner's judgment and sentence were rendered on October 10, 2007.  (Ex. 5.)  Petitioner's motion to withdraw plea was dismissed on November 15, 2007.  (Ex. 6.)  In Florida, a timely motion to withdraw a plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(l) tolls the time for rendition of a final order imposing judgment and sentence until the trial court files a signed, written order disposing of the motion.  See Fla. R. App. P. 9.020; see also Smallwood v. State, 911 So. 2d 849, 850 (Fla. 1st DCA 2005).  Petitioner did not appeal the judgment.  See Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date his 30–day right to appeal expired); Fla. R. App. P. 9.140(b)(3) (an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between rendition of a final judgment and 30 days following rendition of a written order imposing sentence.").  Therefore, Petitioner's plea-based judgment of conviction and sentence became final upon expiration of the time for appeal on **December 15, 2007**, that is,

thirty (30) days after the November 15, 2007, rendition of the order denying his motion to withdraw his plea.

Consequently, Petitioner had until on December 15, 2008 to file his federal habeas petition. Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (AEDPA's one year "limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.") (citing Ferreira v. Sec'y Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

Petitioner's federal habeas petition was filed on May 24, 2013. Therefore, it was filed 1621 days late unless tolling principles apply to render it timely.

**C.   Statutory tolling of Petitioner's habeas corpus petition**

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Petitioner filed his first Rule 3.850 motion on May 8, 2008, at which point **145 days** of his AEDPA limitations period had lapsed. (Ex. 7.)   On June 20, 2011, Petitioner withdrew his post-conviction motion. (Ex. 11.)  The time in which Petitioners 3.850 motion was pending, May 8, 2008 through June 20, 2011 (1138 days)

was tolled. Petitioner then had 220 days to timely file his federal habeas petition.

On July 11, 2011, Petitioner submitted a letter requesting the post-conviction court reinstate his post-conviction motion that he involuntarily and unintelligently withdrew. (Doc. #19, p. 3; Ex. 12.) This letter is not a properly filed application for State post-conviction or other collateral review and thus, does not toll the ADEPA statute of limitations.

On January 17, 2012, after another **211 days** of the ADEPA statute of limitations had lapsed, Petitioner filed a petition for belated appeal. (Ex. 13.) The petition was construed as a motion to reinstate the post-conviction motion and was denied by the circuit court on March 22, 2012. (Ex. 15.) The denial was affirmed and Petitioner's motion for rehearing was denied on February 8, 2013. (Ex. 17; Doc. # 3-1, pp. 108-111.) Assuming *arguendo* the time in which the petition was pending, January 17, 2012 through February 8, 2013 (388 days) was tolled, the instant Petition is still untimely.

The AEDPA limitations period ran from February 8, 2013 through the date the instant petition was filed on May 24, 2013 adding **105 days** of untolled time. Therefore, **461 total days** (145+211+105=461) of the AEDPA statute of limitations had lapsed when Petitioner filed the instant habeas petition. Thus, the

instant Petition is subject to dismissal because it is untimely unless Petitioner is entitled to equitable tolling.

**D.    Equitable tolling of Petitioner's habeas corpus petition**

AEDPA's statutory limitations period may be equitably tolled. Holland, 560 U.S. at 645.  Equitable tolling applies only when a petitioner "demonstrates (1) diligence in his efforts to timely file a habeas petition and (2) extraordinary and unavoidable consequences."  Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006); see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003), aff'd, 544 U.S. 295 (2005).  The Eleventh Circuit has emphasized that equitable tolling "is an extraordinary remedy which is typically applied sparingly."  Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004); see also Diaz v. Dep't of Corr., 362 F.3d 698, 700 (11th Cir. 2004) (finding "rare circumstances" merit a finding of equitable tolling).

Here, Petitioner argues that he is entitled to equitable tolling because of extraordinary circumstances that were beyond his control.  Specifically, Petitioner asserts that his attorney's unprofessional conduct created an extraordinary circumstance warranting equitable tolling.  (Doc. #19, p. 6.)  Petitioner alleges his attorney mislead him to withdraw his post-conviction

- 8 -

motion.  Petitioner asserts he diligently sought reinstatement of his post-conviction motion to no avail.

As an initial matter, "attorney negligence is not a basis for the extraordinary remedy of equitable tolling[.]"  Howell v. Crosby, 415 F.3d 1250, 1252 (11th Cir. 2005).  Therefore, even if Petitioner's attorney had been negligent in advising him to withdraw his post-conviction motion, that in itself would not qualify Petitioner for equitable tolling.

Furthermore, a review of the June 20, 2011 transcript shows Petitioner fully understood that he was withdrawing his post-conviction motion at the time.  (Ex. 11.)  In fact, after confirming that Petitioner wanted to withdraw his motion and had plenty of time to consult with his attorney before doing so, the court stated "I'm reminding you that you can't write me a letter in a week or a month or six months and say [] I've changed my mind.  It's over with.  You understand that?" and Petitioner responded "Yes."  (Ex. 11, p. 5.)  Thus, Petitioner was warned that the court would not consider any subsequent letters requesting reinstatement of his post-conviction motion.

Accordingly, the Court finds Petitioner has presented no evidence that he was the victim of "extraordinary circumstances that [were] both beyond his control and unavoidable even with diligence," and thus, he does not qualify for equitable relief.  Knight, 292 F.3d at 711.  Nor has Petitioner exercised the level

of diligence required to show the "rare and exceptional circumstances" that qualify a petitioner for equitable tolling. See Lawrence, 421 F.3d at 1226.

Petitioner provides no argument as to why the Court should toll the 145 days before Petitioner filed his first Rule 3.850 motion or the 105 days that lapsed between the denial of his motion for rehearing and the filing of the instant Petition. Felton v. Florida, 153 F. App'x 620, 622 (11th Cir. 2005) (147-day delay in filing federal habeas petition forecloses a finding that petitioner exercised the required due diligence.) Therefore, the Court finds Petitioner has failed to articulate extraordinary circumstances that would entitle him to equitable tolling of the federal limitations period. See Lugo v. Sec'y Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014) (emphasizing a petitioner's burden in establishing entitlement to equitable tolling).

Finally, Petitioner has not shown that he is entitled to have the untimeliness of his § 2254 petition excused based on actual innocence. A district court may entertain an untimely § 2254 petition where the petitioner asserts a credible claim of actual innocence. See San Martin v. McNeil, 633 F.3d 1257, 1267–68 (11th Cir. 2011). This exception applies to cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner. McQuiggin v. Perkins, 133 S. Ct. 1924, 1933 (2013). Here, Petitioner does not present "new

reliable evidence" showing that he is actually innocent of the crimes to which he pleaded guilty. See Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1016-17 (11th Cir. 2012). Therefore, Petitioner is not entitled to have the untimeliness of his § 2254 petition excused based on the actual-innocence exception.

Petitioner is not entitled to equitable tolling of the AEDPA one-year statute of limitation. Therefore, this petition is dismissed with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citations omitted). Petitioner has not made the requisite

showing in these circumstances and is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Florida Attorney General is **DISMISSED** from this action as a named Respondent.

2. The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED WITH PREJUDICE** as time-barred.

3. Petitioner is **DENIED** a Certificate of Appealability.

4. The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this __17th__ day of May, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-2
Copies: All Parties of Record